IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALLAS GENE HASTINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 22-CV-0197-JFH-CDL |
| ) | |
| SCOTT CROW, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## ORDER TO SHOW CAUSE

This matter is before the Court for preliminary screening of Petitioner Dallas Hastings' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed April 29, 2022. Dkt. No. 1. This Court may summarily dismiss a petition for writ of habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*. Because Hastings appears *pro se*, the Court liberally construes the Petition. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). But even with the benefit of liberal construction, the Court finds it plainly apparent that the Petition is subject to being summarily dismissed as barred by the applicable statute of limitations.

I.   **Allegations in the Petition**

Hastings seeks federal habeas relief from the judgment entered against him in February 2001 in Rogers County District Court Case No. CF-2000-7. Dkt. No. 1 at 1. In that case, Hastings pleaded guilty to committing first-degree murder, and the trial court imposed a sentence of life without the possibility of parole. *Id.* Hastings did not seek direct review of his judgment by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). *Id.* at 1-2. Nearly two

decades after his sentencing hearing, Hastings filed an application for postconviction relief in state district court, seeking leave to file an appeal out of time to challenge the trial court's jurisdiction in light of the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). *Id.* at 17.

In *McGirt*, the Supreme Court relied on established Supreme Court precedent to determine that Congress has not disestablished the Muscogee (Creek) Nation Reservation and that, as a result, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and Native Americans who commit major crimes, as defined in 18 U.S.C. § 1153(a), within the boundaries of the Muscogee (Creek) Nation Reservation are thus subject to prosecution in federal court rather than state court. *McGirt*, 140 S. Ct. at 2459-60, 2474-76.

The state district court determined that Hastings is a member of the Cherokee Nation, that he has some Indian blood, and that he committed his crime within the boundaries of the Cherokee Nation Reservation. Dkt. No. 1 at 17. The state district court nevertheless denied Hastings' request to file an appeal out of time on August 26, 2021, reasoning that the OCCA's decision in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (Jan. 10, 2022), barred relief. Dkt. No. 1 at 17. In *Wallace*, the OCCA held that *McGirt* announced a new rule of criminal procedure that does not apply retroactively to convictions that were final before July 9, 2020. *Wallace*, 497 P.3d at 691-94. Hastings filed a postconviction appeal, and, in an order filed January 26, 2022, the OCCA affirmed the denial of his request for an out-of-time appeal, relying on *Wallace*. Dkt. No. 1 at 18-19.

Hastings filed the Petition on April 29, 2022, seeking federal habeas relief on three claims: (1) in light of *McGirt*, the trial court lacked jurisdiction over his criminal prosecution; (2) his prosecution in state court violated 18 U.S.C. §§ 1152 and 1162; and (3) that *McGirt* should be

applied retroactively. Dkt. No. 1 at 5-12. He alleges he exhausted available state remedies as to these claims through his recent state postconviction proceedings. *Id.* 5-13. In that portion of the Petition asking Hastings to explain how his claims would not be barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, Hastings states, "I don't believe that on a lack of Jurisdiction claim that this should apply." Dkt. No. 1 at 14-15.

## II.     Analysis and Conclusion

A state prisoner who seeks federal habeas relief through a 28 U.S.C. § 2254 petition for writ of habeas corpus ordinarily must file the petition within one year of the date the prisoner's conviction became final on the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under some circumstances, the one-year limitation period may commence at a later date. 28 U.S.C. § 2244(d)(1)(B), (C), (D). Regardless of when the one-year limitation period begins, that period is tolled during the time that the prisoner's properly filed application for state postconviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). The application for state postconviction relief or other collateral review, however, must be filed before the applicable one-year limitation period expires. *Clark*, 468 F.3d at 714. In rare circumstances, a federal court may toll the one-year limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, the petitioner must show specific facts to support: (1) that he was reasonably diligent in pursuing his federal claim; and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Id.* at 649; *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Contrary to Hastings' belief, the one-year statute of limitations applies to all state prisoners seeking federal habeas relief through a 28 U.S.C. § 2254 petition for writ of habeas corpus,

3

regardless of the nature of the prisoners' claims. *See, e.g.*, *Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished)[1] (characterizing habeas petitioner's claim that the trial court lacked jurisdiction to accept his plea as a "due-process claim" and affirming district court's determination that the claim could be dismissed as untimely under § 2244(d)(1)).

Applying § 2244(d)(1)(A), Hastings' judgment became final ten days after his February 2, 2001 sentencing hearing, when the time expired for him to file a certiorari appeal in the OCCA following his conviction on a guilty plea. *Gonzalez*, 565 U.S. at 150; *see also Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing Oklahoma law regarding direct appeals following conviction on guilty plea). His one-year limitation period thus commenced on February 13, 2001, and expired on February 13, 2002. Hastings cannot benefit from statutory tolling because he did not seek postconviction relief during this one-year period. *Clark*, 468 F.3d at 714. And he cannot obtain equitable tolling because waiting nearly 20 years after a state-court judgment has become final to pursue a federal claim challenging the validity of that judgment does not demonstrate reasonable diligence. *Yang*, 525 F.3d at 928. Applying § 2244(d)(1)(A), the Petition is untimely and should be dismissed.

Further, even applying the rule of liberal construction, the Court does not read the Petition as suggesting that any of the events described in other provisions of § 2244(d)(1) triggered the commencement of a later one-year limitation period for Hastings. To the extent the Petition could be construed as suggesting that the Supreme Court's decision in *McGirt* triggered a new one-year limitation period, this Court previously has concluded otherwise. *See, e.g.*, *Stiltner v. Nunn*, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (unpublished)

---

[1] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

4

(reasoning that § 2244(d)(1)(D) does not apply to a newly-asserted *McGirt* claim because "a reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020"); *Berry v. Braggs*, No. 19-CV-706-GKF-FHM, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) ("Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim."); *see also Parris v. Whitten*, No. 18-CV-0443-TCK-FHM, 2019 WL 2928754, at *1-4 (N.D. Okla. July 8, 2019) (rejecting petitioner's argument that § 2244(d)(1)(B) applied when the State allegedly prosecuted him without jurisdiction in 2010 and petitioner claimed he was unaware of a potential jurisdictional claim until he read a 2017 decision from the United States Court of Appeals for the Tenth Circuit).

Based on the foregoing, the Court concludes that the Petition is subject to being dismissed as barred by the one-year statute of limitations.

### III. Opportunity to Respond

The Court will provide Hastings an opportunity to file a written response to this Order explaining whether he has any valid argument as to why the Petition should not be dismissed as barred by the one-year statute of limitations. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (explaining that before summarily dismissing a habeas petition on its own initiative, a court must give the petitioner "fair notice and an opportunity to present [his] position[]" as to why the petition should not be dismissed).

No later than July 25, 2022, Hastings shall file a written response explaining why the Petition should not be dismissed. Should Hastings either: (1) fail to file a written response by the deadline established in this Order; or (2) file a timely written response that fails to demonstrate good cause why the Petition should not be dismissed, the Court will dismiss the Petition, without

further notice, for the reasons stated in this Order.

THEREFORE, IT IS HEREBY ORDERED that, no later than July 25, 2022, Hastings shall file a written response explaining why the Petition should not be dismissed as untimely.

Dated this 23rd day of June 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE