IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**DALLAS GENE HASTINGS,**

    **Petitioner,**

v.                                     Case No. 22-CV-0197-JFH-CDL

**SCOTT CROW,**

    **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Petitioner Dallas Gene Hastings' Response to Order to Show Cause filed July 29, 2022 ("Response"). Dkt. No. 5. Having carefully considered the Response, the Court DISMISSES Hastings' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed April 29, 2022 [Dkt. No. 1], with prejudice, because all claims asserted in the Petition are untimely.

As stated in this Court's Order to Show Cause filed June 23, 2022 [Dkt. No. 4], Hastings seeks federal habeas relief from the state-court judgment entered against him in 2001, in Rogers County District Court Case No. CF-2000-7, after Hastings pleaded guilty to committing first-degree murder. Dkt. No. 1 at 1. Hastings claims: (1) that, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the trial court lacked jurisdiction over his criminal prosecution because he is "an Indian who committed the crime on Indian Territory";[1] (2) that his prosecution in state court

---

[1] In *McGirt*, the Supreme Court relied on established Supreme Court precedent to determine that Congress has not disestablished the Muscogee (Creek) Nation Reservation and that, as a result, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and Native Americans who commit major crimes, as defined in 18 U.S.C. § 1153(a), within the boundaries of the Muscogee (Creek) Nation Reservation are thus subject to prosecution in federal court, under the Major Crimes Act, rather than in state court. *McGirt*, 140 S. Ct. at 2459-60, 2474-76.

violated 18 U.S.C. §§ 1151, 1152, 1153, and 1162; and (3) that *McGirt* should be applied retroactively, contrary to the position taken by the Oklahoma Court of Criminal Appeals ("OCCA") when the OCCA rejected his application for postconviction relief. Dkt. No. 1 at 4-12, 18-19. In its Order to Show Cause, the Court explained that the Petition was subject to being dismissed because relief as to any claim is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkt. No. 4, at 3-5. Section 2244(d)(1) requires a habeas petitioner seeking relief under § 2254 to file a petition for writ of habeas corpus within one year of the latest of the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court rejected Hastings's assertion that this statute of limitations does not apply when a state prisoner alleges an absence of criminal jurisdiction in the convicting court, determined that the allegations in the Petition did not show that Hastings' claims were timely under any provisions of § 2244(d)(1), and directed Hastings to show cause why the Petition should not be dismissed as time-barred. Dkt. No. 4 at 3-6.

In response to the Court's directive, Hastings contends the Petition is timely under §

2244(d)(1)(D).² Dkt. No. 5 at 8-9. Under that provision, the one-year limitation period begins on the date that a reasonably diligent prisoner could have discovered the factual predicate of the claim or claims presented in the habeas petition. *See Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished)³ (explaining that § 2244(d)(1)(D)'s reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she [or he] actually discovered them" (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012))); *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished) (noting that under § 2244(d)(1)(D), "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts"). Hastings does not specifically identify when he discovered the factual predicate of his claims. Instead, he makes two arguments, neither of which is persuasive.

First, he argues that the Petition is timely under § 2244(d)(1)(D) because he "did not recognize" that a Supreme Court decision issued nearly 60 years before *McGirt* provided him a legal basis to challenge the State's alleged absence of criminal jurisdiction "until a Law Clerk whom has now been terminated from the Law Library position" at the facility where Hastings is incarcerated directed him to the 1962 decision. Dkt. No. 5, at 2, 8-9. In the context of the record presented, Hastings' discovery of this pre-*McGirt* precedent appears to have occurred sometime

---

² Hastings makes several other arguments in the Response. But those arguments address the merits of his claims, the OCCA's conclusion that *McGirt* "is not to be applied retroactively," the requirement that state prisoners exhaust available state remedies before seeking federal habeas relief, the legal framework for reviewing federal habeas claims, and the showings that must be made to overcome procedural bars to federal habeas relief other than the one-year statute of limitations. Dkt. No. 1 at 1-8, 11-13. As the only issue presently before the Court is the timeliness of the Petition, the Court does not consider these additional arguments.

³ The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

after the *McGirt* ruling. Relatedly, Hastings generally alleges that he could not file his Petition sooner because he lacks access to adequate legal resources. *Id.* at 9-10. Hastings' first argument is unavailing because the trigger that commences the one-year limitation period under § 2244(d)(1)(D) is the date that a reasonably diligent petitioner could have discovered the *facts* underlying his or her claims, not the date that petitioner finally understood the legal significance of those facts. *Klein*, 437 F. App'x at 684. When he was prosecuted, Hastings knew, or could have known had he exercised reasonable diligence, the facts relevant to his claims—namely, his status as a Native American and a member of a federally-recognized Indian tribe and the location where he committed his crime. Moreover, even a prisoner who appears without representation cannot avoid the one-year statute of limitations for filing a federal habeas petition by asserting that he did not understand the law. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (rejecting petitioner's request for equitable tolling of the one-year limitation period and stating, that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))).

Second, Hastings argues that § 2244(d)(1)(D) provides a later start date for his limitation period because he could not discover the factual predicate of his claims, even by exercising reasonable diligence, because the State "withheld the important facts from" him. Dkt. No. 5, at 3-4, 10-11. The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") recently rejected a nearly identical argument in *Johnson v. Louthan*, No. 22-5064, 2022 WL 4857114, at *3 (10th Cir. Oct. 4, 2022) (unpublished), stating:

> Regarding Johnson's claim of a newly discovered predicate fact under § 2244(d)(1)(D), he asserts that Oklahoma fraudulently concealed the historical fact that Congress never disestablished the Creek reservation. To be sure, Oklahoma has a "long historical prosecutorial practice of asserting jurisdiction over Indians in state court, even for serious crimes on the contested lands." *McGirt*, 140 S. Ct. at 2470. But Oklahoma could not "conceal" the historical fact Johnson relies upon:

4

> the absence of an Act of Congress, which is the only place one may look "[t]o determine whether a tribe continues to hold a reservation." *Id.* at 2462. Thus, nothing prevented Johnson from asserting in his first § 2254 application a claim that the Oklahoma state court lacked jurisdiction because he is an Indian and the crime he committed occurred in Indian country. The fact that he did not identify that argument earlier does not establish that he could not have done so through the exercise of diligence.

This Court has relied on similar reasoning to reject arguments that either *McGirt* or any of the OCCA's post-*McGirt* decisions triggered a new one-year limitation period, under § 2244(d)(1)(D), for Oklahoma prisoners hoping to obtain federal habeas relief from long-final criminal convictions. *See, e.g.*, *Rowbotham v. Nunn*, No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *2 (N.D. Okla. May 13, 2022) (unpublished) (rejecting petitioner's argument that petition was timely under § 2244(d)(1)(D) "because *McGirt* adjudicated 'a substantive fact' that 'establishes the factual predicate to jurisdictional claims related to crimes committed on an Indian reservation'"); *Mitchell v. Nunn*, ___ F. Supp. 3d ___, No. 21-CV-0442-GKF-CDL, 2022 WL 1272013, at *6 (N.D. Okla. Apr. 28, 2022) (rejecting petitioner's argument that *McGirt* and post-*McGirt* state court decisions provided factual predicate for claim challenging convicting court's jurisdiction over crime committed in Indian country and made that claim timely under § 2244(d)(1)(D) when facts of that case demonstrated that petitioner first asserted claim in state court in March 2017); *Stiltner v. Nunn*, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (unpublished) (reasoning that § 2244(d)(1)(D) does not apply to a newly-asserted *McGirt* claim because "a reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020").

The Court finds the reasoning of these decisions persuasive and, having considered the facts and arguments presented in this case, concludes that Hastings cannot rely on § 2244(d)(1)(D) to show that his Petition is timely. The Court therefore DISMISSES the Petition, with prejudice, as barred by the one-year statute of limitations. The Court further concludes that the statute of

limitations operates as a clear procedural bar and thus DENIES a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

THEREFORE, IT IS ORDERED that:

1. The Petition [Dkt. No. 1] is DISMISSED with prejudice.
2. A certificate of appealability is DENIED.
3. A separate judgment shall be entered in this matter

Dated this 11th day of October 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE